IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene King, #312375, ) | C/A No. 0:08-4053-TLW-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| Orangeburg Calhoun Regional Detention Center, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

  This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The plaintiff, Eugene King ("King"), a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983.

  King, who is currently confined at Broad River Correctional Institution, files this suit against the Orangeburg Calhoun Regional Detention Center ("Detention Center"). He alleges that a "crazy man" picked the locks to his cell while he was confined at the Detention Center and attacked him in July 2003. King claims he received injuries to his teeth and to his ribs. According to the complaint, King was given "upper and bottom dentures" by the Detention Center, but he alleges he suffered permanent damage to his ribs. King states the Detention Center was grossly negligent and failed to protect him. He seeks damages for pain and suffering, payment for medical bills, and attorneys fees.

  Additionally, it appears that the plaintiff may have a pending case pertaining to these issues in state court. King alleges his defense attorney made "racial remarks" and conspired against him. He states the attorney was relieved as his counsel, and alleges "the case up for all matter July 27, 2007 and haven't done anything about the case . . ."

King further alleges the attorney is not "reliving" his files.  King seeks a "federal jury trial" and appointment of counsel.  He also wants an "M.R.I. and a professional physician" in addition to the damages mentioned above.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).  *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Fine v. City of N. Y., 529 F.2d 70, 74 (2nd Cir. 1975).  However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).



## DISCUSSION

The complaint fails to state a claim upon which relief may be granted as to the defendant "Orangeburg Calhoun Regional Detention Center." To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983. The "Orangeburg Calhoun Regional Detention Center" is not a "person" within the meaning of § 1983. See Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). The Detention Center consists of buildings, facilities, and grounds—inanimate objects that do not act under color of state law—and thus is not a "person" within the meaning of §1983. See Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va.1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."), rev'd on other grounds 2000 WL 20591, *1 (4th Cir. 2000) (unpublished) ("The court also properly determined that the Piedmont Regional Jail is not a "person" and is therefore not amenable to suit under § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Therefore, the defendant "Orangeburg Calhoun Regional Detention Center" should be summarily dismissed from this action without prejudice and without service of process.

Additionally, it is a well-settled rule of law that claims of negligence do not support an action for damages under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327,



328-336 & n.3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-348 (1986); Ruefly v. Landon, 825 F.2d 792, 793-794 (4th Cir. 1987).  Negligence is a cause of action under South Carolina law, and would be cognizable in this court only in its diversity jurisdiction, if that statute's requirements are satisfied.  See 28 U.S.C. § 1332; Cianbro Corporation v. Jeffcoat & Martin, 804 F. Supp. 784, 788-791 (D.S.C. 1992), affirmed, Cianbro Corporation v. Jeffcoat and Martin, 10 F.3d 806 (4th Cir. 1993).  The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>     (1) citizens of different States[.]

28 U.S.C. § 1332.  Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side.  See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 & nn.13-16 (1978).  This court has no diversity jurisdiction under 28 U.S.C. § 1332 in this matter because the plaintiff and the defendant are residents of the State of South Carolina.  Hence, complete diversity of parties is absent.

As for the claims pertaining to King's attorney, even if the plaintiff had named his attorney as a defendant, he could not proceed against him in a § 1983 case because the attorney has not acted under color of state law.  An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.  See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney); Hall v. Quillen, 631 F.2d 1154,



1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); and Polk County v. Dodson, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender).

Finally, face of the complaint shows that King's claims are time barred under the statute of limitations. See S.C. Code Ann. § 15-3-530. In civil rights cases filed in the District of South Carolina, this court must apply South Carolina's general personal injury statute of limitations. See Wilson v. Garcia, 471 U.S. 261, 279-280 (1985) (in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries); Owens v. Okure, 488 U.S. 235, 249-250 (1989). South Carolina's applicable personal injury statute of limitations is codified at S.C. Code Ann. § 15-3-530, which establishes a three-year limitations period for causes of action arising on or after April 5, 1988. Since King alleges these events occurred in 2003, he is clearly beyond the applicable limitations period. Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading. American National Bank v. Federal Deposit Insurance Corporation, 710 F.2d 1528, 1537 (11th Cir. 1983). Even so, Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses available to the defendant(s) in determining under § 1915 whether process should be issued against the defendant(s). See also Rogers v. Isom, 709 F. Supp. 115, 117 (E.D.Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed.") (citing Todd, 712 F.2d at 74); see also Duncan v. West Virginia, 597 F. Supp. 1195, 1196 (S.D.W.Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may



consider these defenses in ruling under 28 U.S.C. § 1915(d) finding a complaint frivolous.") (citation omitted).

## RECOMMENDATION

Accordingly, the court recommends that the complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process. See Denton v. Hernandez, 504 U.S. 25; Neitzke v. Williams, 490 U.S. 319; Haines v. Kerner, 404 U.S. 519; Brown v. Briscoe, 998 F.2d 201, 202-04 (4th Cir. 1993); Boyce v. Alizaduh, 595 F.2d 948; Todd v. Baskerville, 712 F.2d at 74; see also 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_____
Paige J. Gossett
UNITED STATE MAGISTRATE JUDGE

March 13, 2009
Columbia, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).